*Law Library*

2012 MAR 21 PM 1:51

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF ELOISE R.
SANCHEZ,

                   Petitioner,

      v.

CIVIL SERVICE COMMISSION,

                  Respondent.

      v.

GUAM DEPARTMENT OF EDUCATION,

              Real Party in
Interest.

SPECIAL PROCEEDINGS CASE NO.
SP0250-09

**DECISION AND ORDER**

## INTRODUCTION

This matter came to the attention of the Honorable Arthur R. Barcinas on the 13th day of February, 2012, on the Petitioner's newly filed Verified Amended Petition for Judicial Review: Alternative Writ of Mandamus and Prohibition, Preliminary Injunction and Permanent Injunction. Attorney Jacqueline Terlaje represents the Petitioner, Attorney Sophia Diaz represents the Respondent, and Attorney Rebecca Perez Santo-Tomas represents the Real Party in Interest. After conducting a review of the petition and related papers, the Court now issues the following Decision and Order regarding whether judicial review of the particular

proceedings held before the Civil Service Commission (hereinafter, "CSC") is merited, and whether the Petitioner is entitled to any of the other relief sought, as alleged.

DISCUSSION

A) Judicial Review of the Decision of the CSC

Subject matter jurisdiction is a threshold matter that may be considered by the court at any time during its consideration of a case, and may be raised by the court *sua sponte*. Freytag v. C.I.R., 501 U.S. 868, 896 (1991)(Scalia, J., concurring).

The Supreme Court of Guam has affirmed this proposition, acknowledging that "jurisdictional issues may be raised at any time," Pacific Rock Corp. v. Department of Educ., 2001 Guam 21 ¶ 18, and that subject matter jurisdiction may be raised at any stage of the proceedings, including for the first time on appeal. Cho v. Fujita Kanko Guam, Inc., 2009 Guam 21, ¶ 36 (citing Taitano v. Lujan, 2005 Guam 26 ¶ 15). "It may be fairly raised at any stage as a 'threshold jurisdictional matter' for the purposes of seeking dismissal of a case." Id. (citing Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth., 2004 Guam 15 ¶ 17); *see also* Lujan v. Lujan, 2000 Guam 21, ¶ 15.

The Petitioner has filed this petition seeking judicial review of a "decision" of the CSC pursuant to 4 GCA § 4406, which states in relevant parts:

> An employee in the classified service who is dismissed, demoted or suspended shall be given immediate notice of the action, . . . .The employee within twenty (20) days of effective date of the action, may appeal to the Commission or appropriate entity by filing that person's written answer to the charges against the employee, . . . .The Commission or appropriate entity shall then set the matter for hearing as expeditiously as possible. . . .The Commission or appropriate entity may sustain, modify or revoke the action taken. The decision of the Commission or appropriate entity shall be final, but subject to judicial review.

4 GCA § 4406 (2012).

The Petition alleges that the Petitioner is entitled to seek judicial review of a "decision and order" issued by the CSC on November 30, 2009, in which the CSC determined that it held jurisdiction over the Petitioner's underlying adverse action appeal. However, the CSC has not yet held a hearing to determine the merits of the adverse action, and specifically, has held no hearing to determine whether to "sustain, modify, or revoke" the adverse action taken by DOE. Instead, the CSC has merely issued a preliminary opinion determining that it has jurisdiction to hear the merits of the adverse action appeal. The language of that opinion states in relevant portion: "[b]y a vote of 4-1, the Employee's Motion to Dismiss the Adverse Action fails. The case shall now be set for a Hearing on the Merits." Special Proceedings Case No. SP0250-09, Petition for Judicial Review, Exhibit 1 (filed December 18, 2009)[1].

The Supreme Court has mandated that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." Carlson v. Perez, 2007 Guam 6, ¶ 59. This is the maxim that directs the Court, and controls this decision and all decisions regarding writs of review. The Supreme Court's rule is not merely a platitude. Nevertheless, the Petitioner seems to have overlooked this basic principle in filing this petition. Specifically, the

---

[1] The Court is aware that there is a new petition filed on February 10, 2012, and that the newly filed petition references a Decision and Order of the CSC made on November 30, 2009, attached as Exhibit 1; however, no such Exhibit 1 is attached to the new petition. An errata to the new petition was filed on February 17, 2012, in order to correct this specific deficiency, however, the errata contains a copy of this Court's Decision and Order of February 1, 2012, labeled as "Exhibit 1," rather than a copy of the Decision and Order issued by the CSC on November 30, 2009. This errata attachment appears to be erroneous, as there could not be a request for judicial review of this Court's own Decision and Order of February 1, 2012, under 4 GCA § 4406. Accordingly, the Court has referred to the original "Exhibit 1" attached to the original petition for judicial review, containing a copy of the CSC's Decision and Order of November 30, 2009, as referenced in the newly filed petition. The Court is also aware that a new pleading generally supersedes an old pleading for all purposes under the Guam Rules of Civil Procedure, Valadez Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) and Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Management, 644 F.3d 5, 9 (1st. Cir. 2011), however, this is a special proceeding with its own governing procedures, and there appears to be no corresponding rule regarding writ petitions.

Petitioner has failed to distinguish between different types of "agency action" and "specific legislation" which "govern how one is to seek judicial review of that agency's action." Id.

The Court finds that the Petitioner's allegations of jurisdiction under 4 GCA § 4406 are erroneous. The Petitioner has filed a petition which exhibits confusion over the method of obtaining judicial review of a decision of the CSC. This apparent confusion is due to the Petitioner's generalization of all decisions of the CSC. The Petitioner fails to recognize that there are different types of actions and decisions that may be issued by the CSC, and that review of each type of agency action or decision is governed by particular statutes and standards. See id. The Petitioner fails to recognize that review of certain types of agency decisions may not be available at all.

Not all decisions are created equal, or final. The Petitioner claims that this Court has jurisdiction to conduct a judicial review of the decision issued by the CSC on November 30, 2009, under 4 GCA § 4406. However, this claim is unfounded and unsupported. In this particular special proceedings case, the Petitioner is actually seeking judicial review of an interlocutory, procedural decision of the CSC regarding its interpretation of its authority and jurisdiction to proceed to a final decision under 4 GCA § 4406.

Significantly, this petition was NOT filed seeking judicial review of a "final" decision regarding the merits of Petitioner's underlying adverse action appeal—because the CSC has not yet held a hearing or issued an opinion on this question pursuant to its authority to resolve adverse action appeals under 4 GCA § 4406. 4 GCA § 4406 gives this Court the authority to judicially review only a "final" decision of the CSC, concerning whether the CSC will "sustain, modify or revoke the action taken [by the government agency]." Further, Rule 11.7.8 of the CSC Rules of Procedure for Adverse Action Appeals, governing judicial review, only allows

"[j]udicial review of the *judgment* of the CSC . . . ." CSC RPAAA Rule 11.7.8 (emphasis added). Pursuant to these rules, "[a] judgment is the final administrative adjudication of the Commission on an action. . . . and the caption shall state it is a 'judgment'. . . .An order of the Commission is not a judgment." CSC RPAAA Rule 11.7.5. The Decision and Order of which the Petitioner seeks judicial review does not meet these requirements.

The Petitioner has cited this Court to no authority which would support the allegations that this Court has jurisdiction to review an interlocutory decision of the CSC pursuant to 4 GCA § 4406 or CSC RPAAA Rule 11.7.8, and has cited no authority to show that this particular decision should be considered a "judgment" under CSC RPAAA Rules 11.7.5 and 11.7.8, or "final" for the purposes of 4 GCA § 4406. Because the resolution of this case does not require the Court to determine whether a "judgment" or "final" decision of the CSC either sustaining, modifying or revoking the original action of DOE was valid, 4 GCA § 4406 and CSC RPAAA Rule 11.7.8 do not confer jurisdiction to the Superior Court to conduct a judicial review in this case, as alleged by the Petitioner.

This Court has already determined that Sections 31101, *et seq.* of Title 7, regarding the issuance of writs of review are procedurally determinative of the manner in which a writ of "judicial review" may be issued. In particular, the relief provided by a writ of review or judicial review merely allows a judge of the Superior Court to issue a writ directing an inferior tribunal to provide transcripts of the proceedings before the lower tribunal to the Superior Court of Guam in order that the Superior Court may conduct an examination of the record to determine whether the inferior tribunal has exceeded its authority. 7 GCA §§ 31104 and 31105 ("[t]he writ of review must command the party . . .to certify fully to the court . . .a transcript of the record and proceedings . . . ."). Only upon return of the writ with the transcripts does the Court hear

the parties and conduct review. 7 GCA § 31109. Paradoxically, although the Superior Court has not yet issued a writ commanding the provision of these transcripts, the CSC has already provided the transcripts to the Court. *See* Special Proceedings Case No. SP0250-09, Certification of Transcription (filed March 11, 2011).

Because the Court finds that it does not have subject matter jurisdiction to issue a writ of judicial review and thereby conduct a judicial review, but is already in receipt of the transcripts of the lower proceedings, the Court DENIES the Petition for Judicial Review and will merely refrain from reviewing the transcripts provided.

B) Issuance of a Writ of Mandamus or Prohibition

"[T]he extraordinary remedy of mandate is discretionary, and carries a threshold of satisfying certain statutory requirements . . . ." Carlson v. Perez, 2007 Guam 6 ¶ 66. When a court is faced with the question of whether to issue a writ, it must inquire whether all of the following conditions have been met: (1) the respondent is an inferior tribunal, corporation, board, or person; (2) the respondent has failed to perform a clear and present duty; (3) the duty entails ministerial action, the assumption of jurisdiction, the exercise of discretion, or the abuse of discretion; (4) the petitioner has another, adequate remedy at law; and (5) the petition is verified. Bank of Guam v. Reidy, 2001 Guam 14 ¶ 27. If it is found that a petitioner has an alternative remedy available at law, that fact, alone, will generally strip the petitioner of any entitlement to writ relief. Carlson v. Perez, 2007 Guam 6 ¶ 68–70; Perez v. Judicial Council of Guam, 2002 Guam 12 ¶ 12; cf., In re Duque v. Superior Court, 2007 Guam 15 ¶ 8.

Therefore, as a threshold requirement, in order to invoke the Court's extraordinary powers to review a decision issued by a lower reviewing body through a writ of mandate, a petitioner must show that there is "no plain, speedy and adequate remedy in the ordinary course

of law." 7 GCA § 31203 (2005); <u>Bank of Guam v. Reidy</u>, 2001 Guam 14 ¶ 27; *see also* <u>In re Duque v. Superior Court</u>, 2007 Guam 15 ¶ 8 ("Before addressing the merits of the Petition, this court must first examine whether writ relief is appropriate or necessary."). This legal principle is also known as "the exhaustion of remedies doctrine." <u>Carlson v. Perez</u>, 2007 Guam 6 ¶ 69. The main purpose of this doctrine is to '"lighten the burden of overworked courts in cases where administrative remedies are available."' <u>Id</u>.

The Petitioner fails to cite to any statute or rule providing that the Petitioner is entitled to judicial review of the CSC's Decision and Order of November 30, 2009, through a writ of mandate or prohibition. The Court finds that, arguably, judicial review of the non-final decision may be properly addressed by the Superior Court through a writ of mandate pursuant to 5 GCA § 9241 of the Administrative Adjudication Law. This statute states:

> Judicial review may be had by filing a petition in the Superior Court for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as provided in this Section any petition shall be filed within thirty (30) days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. Within thirty (30) days after request therefor and payment of the expenses of preparation and certification by the petition, the agency shall prepare and deliver to the petitioner the complete record of the proceedings or such parts of the record as are designated by the petitioner. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decisions by the hearing officer, *the final decision*, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case. Where petitioner, within ten (10) days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record, the time within which a petition may be filed may be extended until five (5) days after its delivery to him. The agency may file with the court the original of any document in the record in lieu of a copy.

5 GCA § 9241 (2012)(emphasis added).

The preceding section of the code states that this method of judicial review is available for review of agency decisions, stating, "[j]udicial review may be had of any agency decision by

any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence." 5 GCA § 9240 (2012). Section 9108 of the Administrative Adjudication Law defines the term agency, and provides:

> The word agency whenever used in this Chapter, shall mean and include any board, commission, department, division, bureau or officer of the territory of Guam authorized by law to make rules or adjudicate contested cases. Agency does not include any entity in the legislative and judicial branches and for the purposes of establishing charges of utility services, it does not include the Guam Power Authority or the Guam Waterworks Authority.

5 GCA § 9108 (2012).

Although it appears that the CSC would qualify as an agency authorized to adjudicate actions, and thus, "any" decision by the CSC would be subject to judicial review through a writ of mandamus under 5 GCA § 9240, the following section, 9241 clarifies that this method of review is available only for "the final decision," of an agency. 5 GCA § 9241. As previously found by this Court, the CSC's Decision and Order of November 30, 2009, is not "final" and cannot be construed as "the final decision." Id. Again, regarding the exhaustion of remedies doctrine, the Supreme Court of Guam directs that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." Carlson v. Perez, 2007 Guam 6 ¶ 59. Rule 9 of the CSC Rules of Procedure for Adverse Action Appeals, governing pre-hearing motions, does not allow for judicial review of the CSC's decisions on such motions. After an analysis of these rules and statutes, it appears that judicial review of an interlocutory, pre-hearing motion is not available to the Petitioner.

//

//

C) Issuance of a Preliminary or Permanent Injunction

Although the title of Petitioner's petition contains an apparent request for the issuance of a preliminary or permanent injunction, the Court can find no such substantive requests within the content of the petition. Accordingly, the Court will not address the issue, as it is not properly before the Court.

## CONCLUSION

After considering the petition, the Court finds that it lacks subject matter jurisdiction over the Petition for Judicial Review, as no statute or rule grants the Superior Court of Guam jurisdiction to review interlocutory decisions of the CSC, prior to the issuance of a final judgment of the CSC. Based upon the foregoing, the Petition for Judicial Review is DENIED, and the Adverse Action Appeal Case No. 0809-AA37 is REMANDED to the CSC for hearing on the merits and the issuance of a final determination and judgment.

**IT IS SO ORDERED** this  .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

